UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Joel Ndunda, | ) | C/A No. 2:25-cv-13185-BHH-MHC |
| | ) | |
| Plaintiff, | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| v. | ) | |
| | ) | |
| Brandi Pfeil; Caitlin McGarty; | ) | |
| Cecile Guerriero; Dennis Pueblas; | ) | |
| Charleston Dorchester Mental Health Center; | ) | |
| South Carolina Department of Behavioral and | ) | |
| Developmental Disabilities; | ) | |
| John Doe Probate Judge; | ) | |
| Charleston County, South Carolina; | ) | |
| John Doe MUSC Evaluator # 1; | ) | |
| John Doe MUSC Evaluator # 2; | ) | |
| John Doe MUSC Charge Nurse; | ) | |
| Medical University of South Carolina; | ) | |
| Tia Lewis; | ) | |
| John Doe Defendants 1-5, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This is civil action filed by Plaintiff Joel Ndunda, a pro se litigant. Under 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), pretrial proceedings in this action have been referred to the assigned United States Magistrate Judge.

## I.    BACKGROUND

Plaintiff brings this action against Defendants Brandi Pfeil (Pfeil); Caitlin McGarty (McGarty); Cecile Guerriero (Guerriero); Dennis Pueblas (Pueblas); Charleston/Dorchester Mental Health Center (CDMHC); South Carolina Department of Behavioral and Developmental Disabilities (SCDBDD); Probate Judge John Doe (Judge Doe); Charleston County, South Carolina (Charleston County); John Doe MUSC Evaluator # 1; John Doe MUSC Evaluator # 2; John Doe MUSC Charge Nurse; Medical University of South Carolina (MUSC); Tia Lewis (Lewis); and

John Doe Defendants 1-5. ECF No. 1 at 1, 9-11. He asserts that Pfeil, McGarty, Guerriero, and Pueblas are employees of CDMHC; Judge Doe is an employee of Charleston County; and Lewis is an employee of the South Carolina Department of Mental Health. *Id.* at 9-11.

Records from Charleston County indicate that Plaintiff filed a lawsuit against Pfeil, McGarty, and CDMHC[1] on June 24, 2025, in state court (Court of Common Pleas for the Ninth Judicial Circuit). On November 3, 2025, an order was entered in the state court case granting the state court defendants' motion to dismiss the complaint with prejudice. *See* Charleston County Public Index, https://jcmsweb.charlestoncounty.gov/PublicIndex/PISearch.aspx [search case number listed above] (last visited May 5, 2026).[2] It appears that Plaintiff attempted to appeal the decision to the South Carolina Court of Appeals, which dismissed the appeal on March 30, 2026. *Ndunda v. Pfeil*, No. 2026-000211 (S.C. Ct. App.); *see* South Carolina Appellate Case Management System, https://ctrack.sccourts.org/public/caseView.do?csIID=85307 [search case number listed above] (last visited May 5, 2026).

Plaintiff alleges that "beginning in 2023 and continuing through the present, Plaintiff has been the victim of sophisticated cyber attacks, content injection, electronic harassment, and targeting."[3] Plaintiff claims he has objective evidence that the "cyber attacks are real, not delusional." ECF No. 1 at 16.

---

[1] In an order of dismissal, the state court found that Pfeil and McGarty work for SCDBDD, not CDMHC, such that SCDBDD (not CDMHC) was the proper defendant in the state court action.

[2] This Court may take judicial notice of factual information located in postings on government websites. *See Tisdale v. South Carolina Highway Patrol*, No. 0:09–1009–HFF–PJG, 2009 WL 1491409, at *1 n. 1 (D.S.C. May 27, 2009), *aff'd*, 347 F. App'x 965 (4th Cir. 2009); *In re Katrina Canal Breaches Consol. Litig.*, No. 05–4182, 2008 WL 4185869, at * 2 (E.D. La. Sept. 8, 2008) (noting that courts may take judicial notice of governmental websites including other courts' records).

[3] Plaintiff has alleged no facts to indicate that any of the named Defendants were the perpetrators of these alleged cyber attacks.

On May 1, 2025, 'in response to a call," crisis workers Pfeil and McGarty arrived at Plaintiff's residence and assessed Plaintiff. ECF No. 1 at 16. During the encounter, Plaintiff allegedly explained the alleged cyber attacks with technical details. ECF No. 1 at 16. He claims that Pfeil and McGarty admitted they had no expertise in cybersecurity. Plaintiff supposedly stated that he wanted to "sue the people involved in the cyber attacks." He also claims that he reported that his electroencephalogram (EEG) monitoring device (that he called his brain cap), had been stolen as a part of the targeting campaign. Plaintiff appears to claim that Defendants' actions later that day were in retaliation for his threatening litigation. *Id.* at 17.

Plaintiff asserts allegations about the assessment by Pfeil and McGarty, as well as their telephone consultation with Guerriero. He contends that Defendants improperly coordinated with the probate court prior to completing their assessment. Thereafter, Plaintiff was transferred by law enforcement officials to MUSC. Plaintiff alleges claims about assessments and his medical care at MUSC by various medical providers. He was released from MUSC approximately twenty hours later. He asserts additional claims against Lewis, a patient advocate, who responded to his questions after his assessments. Plaintiff also appears to assert claims about the state court proceedings. *See, generally*, ECF No. 1 at 11-30.

## II.      MOTION FOR PROTECTIVE ORDER AND EXPEDITED DISCOVERY

On April 24, 2026, Plaintiff filed a pleading titled "MOTION FOR EMERGENCY PROTECTIVE ORDER, COURT-DIRECTED INVESTIGATION, AND EXPEDITED DISCOVERY[.]" He states that he brings his motion pursuant to Rules 26(c) and 65 of the Federal Rules of Civil Procedure and 28 US.C. § 1651. Plaintiff contends that he needs emergency relief because "an organized network of individuals is actively and continuously obstructing this litigation through documented federal crimes – and that this obstruction has recurred after formal

notice was provided to the Federal Bureau of Investigation in November 2025." ECF No. 13 at 2. Plaintiff also provided a "Brief on Pattern Evidence" in support of his various motions. *See* ECF No. 15.

Plaintiff requests that this Court issue orders directing all Defendants and "identified network participants" (1) to immediately cease all surveillance of Plaintiff; (2) cease all distribution of defamatory characterizations of Plaintiff to any business, institution, law enforcement agency, or private individuals; (3) to not make any report to law enforcement referencing Plaintiff without prior written notice to the Court and immediate disclosure of all reports to law enforcement referencing Plaintiff since May 1, 2025; and (4) to implement a litigation hold preserving all records, communications, devices, and electronically stored information relating to Plaintiff, this litigation, or any surveillance or defamation operation directed at Plaintiff. ECF No. 13 at 6-7. He also requests that the Court direct investigations including an appointment of a neutral technical special master; orders to the United States Postal Service; a preservation order to Anthropic, Inc.; and a referral to the United States Attorney's Office. *Id.* at 7. Plaintiff also requests "expedited discovery" within thirty days. *Id.* at 7-8.

It appears that Plaintiff is asking for a temporary restraining order (TRO) or a preliminary injunction. Pursuant to Rule 65 of the Federal Rules of Civil Procedure, the court may issue a TRO without notice to the adverse party or the party's attorney only if:

> (A)    specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and

> (B)    the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1). A TRO "expires at the time after entry—not to exceed 14 days—that the court sets, unless before that time the court, for good cause, extends it for a like period or the

4

adverse party consents to a longer extension." Fed. R. Civ. P. 65(b)(2). "The stringent restrictions imposed ... by Rule 65 on the availability of ex parte temporary restraining orders reflect the fact that our entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard has been granted both sides of a dispute." *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70 of Alameda Cnty.*, 415 U.S. 423, 438–39 (1974).

Plaintiff's request for a TRO should be denied because he appears to be requesting relief exceeding fourteen days. *See* Fed. R. Civ. P. 65(b)(2). It also does not appear that Plaintiff, who has not asserted that he is an attorney, can satisfy the "attorney certification" requirement for a TRO as required under Rule 65(b)(1)(B). *See Demorcy v. Cook*, No. CA 8:13-1494-JFA-JDA, 2013 WL 5332146 (D.S.C. Sept. 23, 2013) (noting that the plaintiff could not satisfy the "attorney certification" requirement for a TRO under Rule 65(b)(1)(B) because he was not an attorney admitted to practice before the court).

A preliminary injunction is "an extraordinary remedy involving the exercise of a very far-reaching power, which is to be applied only in the limited circumstances which clearly demand it." *Direx Israel, Ltd. v. Breakthrough Med. Corp.*, 952 F.2d 802, 811 (4th Cir. 1991)) (internal quotation marks omitted); *Centro Tepeyac v. Montgomery Cty.*, 722 F.3d 184, 188 (4th Cir. 2013). The decision whether to grant a preliminary injunction is committed to the equitable discretion of the district court. *See Salazar v. Buono*, 559 U.S. 700, 714 (2010); *Christopher Phelps & Assocs., LLC v. Galloway*, 492 F.3d 532, 543 (4th Cir. 2007). Any request for a preliminary injunction should be denied because the request is premature as this case is still under initial review, service has not been authorized, and Defendants have not answered or otherwise plead. "The court may issue a preliminary injunction only on notice to the adverse party." Fed. R. Civ. P. 65(a)(1).

Additionally, this Motion should be denied because Plaintiff has not made a clear showing for relief. A party seeking a preliminary injunction or TRO[4] must establish all four of the following elements: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). A plaintiff must make a clear showing that he is likely to succeed on the merits of his claim. *Winter*, 555 U.S. at 22. Similarly, he must make a clear showing that he is likely to be irreparably harmed absent injunctive relief. *Id.* at 20–23. Only then may the court consider whether the balance of equities tips in the plaintiff's favor. Finally, the court must pay particular regard to the public consequences of employing the extraordinary relief of injunction. *Id.* at 24. Here, Plaintiff has not demonstrated that he meets these four elements. In particular, Plaintiff has not shown that he is likely to succeed on the merits. As noted in this Court's Order entered May 12, 2026 (ECF No. 17), it appears that the Complaint is barred under the *Rooker-Feldman* doctrine and/or that this Court should abstain from interfering with the state court action if it is still pending. Moreover, the Complaint as written appears to be frivolous because it does not comply with Rule 8 of the Federal Rules of Civil Procedure. Nor has Plaintiff shown any likelihood of harm. Plaintiff claims that there is destruction of evidence as to information on his computer, he has not provided any facts to indicate what actions were allegedly taken by the named Defendants.

Plaintiff argues that the balance of equities "strongly favor" him because his requested relief "imposes no burden on any innocent party." ECF No. 13 at 6. However, he asks for discovery to be expedited which may have additional costs to Defendants, he requests relief from individuals

---

[4] The standard for obtaining a TRO is the same as a preliminary injunction. *Maages Auditorium v. Prince George's County, Md.*, 4 F. Supp. 3d 752, 760 n.1 (D. Md. 2014).

or entities not named in this action, and he requests this Court to take investigative measures that it may not do.[5] Finally, Plaintiff has not shown that it is in the public interest for this Court to issue orders that may be in conflict with a state court ruling or interfere with any pending state court action.

It appears that Plaintiff is also seeking a protective order pursuant to Rule 26(c). This Rule provides, in pertinent part:

> (1) ***In General.*** A party or any person **from whom discovery is sought** may move for a protective order in the court where the action is pending--or as an alternative on matters relating to a deposition, in the court for the district where the deposition will be taken. The motion **must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action**. The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:
>
> (A) forbidding the disclosure or discovery;
> (B) specifying terms, including time and place or the allocation of expenses, for the disclosure or discovery;
> (C) prescribing a discovery method other than the one selected by the party seeking discovery;
> (D) forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters;
> (E) designating the persons who may be present while the discovery is conducted;
> (F) requiring that a deposition be sealed and opened only on court order;
> (G) requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way; and
> (H) requiring that the parties simultaneously file specified documents or information in sealed envelopes, to be opened as the court directs.

---

[5] This Court is not an investigative body. *See Huff v. Hicks*, No. 1:23-CV-00341-KDB, 2024 WL 871356, at *3 (W.D.N.C. Feb. 29, 2024) ("[T]he Court does not investigate parties, witnesses, or claims. The Court adjudicates the cases properly before it."); *Taylor v. Prime Care Med., Inc.*, No. 3:21-CV-00539, 2021 WL 4432515, at *1 (S.D.W. Va. Sept. 27, 2021) ("[T]he Court does not investigate cases, subpoena records, or generally assist a litigant in prosecuting or defending his case.").

Fed. R. Civ. P. 26(c) (emphasis added). Here, discovery has not begun and Plaintiff has not indicated that discovery is being sought from him by Defendants. Nor has Plaintiff provided the required certification.

Plaintiff also appears to be asking for mandamus relief under the All Writs Act which provides that "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel **an officer or employee of the United States or any agency thereof** to perform a duty owed to the plaintiff." 28 U.S.C. § 1361 (emphasis added). Here, Plaintiff appears to be asking that this Court issue orders as to state employees and state agencies (not officers, employees, or agencies of the United States) such that the All Writs Act has no application. *See AT & T Wireless PCS, Inc. v. Winston-Salem Zoning Bd. of Adjustment*, 172 F.3d 307, 312 n. 3. (4th Cir. 1999); *Gurley v. Super. Ct. of Mecklenburg Cty.*, 411 F.2d 586-87 (4th Cir. 1969). Additionally, "mandamus should not issue unless all of the avenues of relief have been exhausted[.]" *AT & T Wireless PCS, Inc. v. Winston-Salem Zoning Bd. Of Adjustment*, 173 F.3d at 312 n. 3. Thus, any request for relief under the All Writs Act should be denied.

For the reasons discussed above, it is recommended that Plaintiff's Motion for a Protective Order and to Expedite Discovery (ECF No. 13) be denied.

### III.     MOTION FOR ADDITIONAL EMERGENCY RELIEF

On December 1, 2025, Plaintiff filed a pleading titled "PLAINTIFF'S MOTION FOR ADDITIONAL EMERGENCY RELIEF BASED ON NEW EVIDENCE OF ACTIVE FORENSIC OBSTRUCTION[.]" ECF No. 7 at 1. Plaintiff appears to allege that he has experienced cyber interference with his laptop computer, including a "forensic block," after the filing of this lawsuit. *Id.* at 2. He also contends there was obstruction of third-party discovery as

to a subpoena issued to AT&T in his state court case.[6] *Id.* at 2-3.

Plaintiff asks the Court to appoint an "independent forensic neutral" (or permit Plaintiff's unnamed retained expert) to conduct memory imaging of a laptop; order AT&T to provide a sworn declaration as to its response to the state court subpoena; place all parties "on notice that the unexplained instability of the system during preservation attempts may give rise to spoliation claims should evidence be lost[,]" and issue a protective order against Defendants, their agents, or any other persons engaging in any form of electronic interference; place all parties on notice that unexplained instability of the system during preservation attempts may give rise to spoliation claims should evidence be lost; direct Defendants to immediately notify any third-party IT security contractors that this litigation is active and all offensive operations targeting Plaintiff must cease; and direct "that Defendants, their agents, and any persons acting in concert with them be strictly prohibited from physically following, trailing, or monitoring Plaintiff." ECF No. 7 at 3-4.

Plaintiff again appears to be asking for a TRO or preliminary injunction. As discussed above, any such request is premature at this time. For the reasons discussed above as to Plaintiff's Motion for a Protective Order, it is recommended that Plaintiff's Motion for Additional Emergency Relief (ECF No. 7) be denied.

### IV.     MOTION FOR EMERGENCY ORDER AS TO COSTCO

On November 19, 2025, Plaintiff filed a motion requesting that this Court direct Costco Wholesale Corporation (Costco) to preserve critical evidence. He asserts that a laptop that was

---

[6] It appears that a subpoena was issued to AT&T in Plaintiff's state court case. AT&T responded:

> After conducting a thorough search on all identifiers listed in the legal demand.
> AT&T was unable to identify any information responsive to the Legal Demand.
> The following files have been attached with the response:
> Original 20250716-151025787.pdf
> Documents.zip

ECF No. 1-1 at 20.

purchased by Mutindi Ndunda, who appears to be Plaintiff's mother, was "online filed to be returned" to Costco on November 18, 2025. He claims that without court intervention, the return will be processed through standard return procedures within three to seven days, and this will allegedly result "in permanent destruction of irreplaceable evidence of federal crimes." ECF No. 6 at 2.

First, to the extent that this is a motion for a TRO or preliminary injunction, it should be denied for the reasons discussed above. Moreover, Costco is not a party to this action. The duty to preserve does not generally apply to non-parties to the litigation unless "some special relationship or duty arising by reason of an agreement, contract, statute, or other special circumstance" counsels in favor of an exception. *Wilson v. Beloit Corp.*, 921 F.2d 765, 767 (8th Cir. 1990) (citing *Koplin v. Rosel Well Perforators, Inc.*, 241 Kan. 206, 734 P.2d 1177, 1179 (1987)); *Pettit v. Smith*, 45 F. Supp. 3d 1099, 1106 (D. Ariz. 2014); *Tassin v. Bob Barker Co., Inc.*, No. 16-cv-0382, 2017 WL 9963365, at *1 (M.D. La. Sept. 28, 2017). Additionally, there is no indication that Plaintiff has any standing to raise this issue, as he does not appear to be the owner of the computer.[7]

Thus, it is recommended that Plaintiff's Motion Directing Costco Wholesale Corporation to Preserve Critical Evidence (ECF No. 6) be denied.

---

[7] A district court may not grant a preliminary injunction—or any other form of relief—unless the plaintiff has sufficiently demonstrated Article III standing. *See Murthy v. Missouri*, 603 U.S. 43, 49–50 (2024) (holding that a court of appeals erred by affirming a preliminary injunction because the plaintiffs lacked standing). Federal courts are limited by the United States Constitution to deciding actual "cases" or "controversies," and this constitutional restriction requires plaintiffs to establish Article III standing for each claim and each form of relief they seek. U.S. Const. art. III, § 2; *TransUnion LLC v. Ramirez*, 594 U.S. 413, 423, 431 (2021). To satisfy Article III, a plaintiff must clearly allege facts showing that he "(1) suffered an injury in fact that is concrete, particularized, and actual or imminent; (2) that the injury was caused by the defendant; and (3) that the injury would likely be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016). "At the preliminary injunction stage," a "plaintiff must make a clear showing that []he is likely to establish each element of standing." *Murthy*, 603 U.S. at 58 (quotation marks removed).

## V.     RECOMMENDATION

Based on the foregoing, it is recommended that Plaintiff's Motion for Protective Order and to Expedite Discovery (ECF No. 13) be DENIED; Plaintiff's Motion for Additional Emergency Relief (ECF No. 7) be DENIED; and Plaintiff's Motion for an Emergency Order Directing Costco Wholesale Corporation to Preserve Critical Evidence (ECF No. 6) be DENIED.

**The parties' attention is directed to the important notice on the following page.**

Molly H. Cherry
United States Magistrate Judge

May 12, 2026
Charleston, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).